1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MELIDA MCLENAN-KENNY,

    Plaintiff,

  v.

STATE OF WASHINGTON
DEPARTMENT OF LABOR AND
INDUSTRIES,

    Defendant.

CASE NO. C13-6026 RBL

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

## I.  INTRODUCTION

THIS MATTER is before the Court on Defendant Labor and Industry's Motion to Dismiss or, in the alternative, to Require Compliance with Order.  Dkt. #17.  Plaintiff McLenan-Kenny is an L&I employee.  She sued her employer on a variety of grounds related to workplace discrimination and in response to a blanket medical release that is included in the Washington State Office of Risk Management's tort claim form packet.  The original complaint was found to be insufficiently articulated and amendment was ordered.  L&I now argues that claims in the amended complaint—that the medical release chilled her First Amendment Rights and was an unconstitutional invasion of privacy—are not plausible and should be dismissed.  The remaining

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

employment claims are not addressed in the L&I's motion.  Because the amended complaint fails to state facially plausible claims, the Motion is GRANTED.

## II.    BACKGROUND

Melida McLenan-Kenny was a 22 year veteran of L&I and had reached the level of Revenue Agent 2.  She was performing high-profile work enforcing wage and hour claims in Washington State.  While in this position, she adopted a child and requested Family Medical Leave Act (FMLA) time to bond and attend doctor's appointments.  She alleges that her supervisors interfered with her ability to take this time and began to treat her differently.  When she objected to this interference her employers subjected her to escalating retaliation.  She also alleges racial discrimination.  Eventually she was demoted; her new role is a low-profile position seeking collection of overpayments from injured workers.

McLenan-Kenny submitted a tort claim form to the Office of Risk Management (ORM) as required by RCW 4.92.100.  That statute requires the filing of a tort claim form prior to bringing a lawsuit against the state.   It limits, however, the information that ORM can require on its standard tort claim form to the following:

1.    The claimant's name, date of birth, and contact information;
2.    A description of the conduct and the circumstances that brought about the injury or damage;
3.    A description of the injury or damage;
4.    A statement of the time and place that the injury or damage occurred;
5.    A listing of the names of all persons involved and contact information, if known;
6.    A statement of the amount of damages claimed; and
7.    A statement of the actual residence of the claimant at the time of presenting the claim and at the time the claim arose.

The statute states specifically states that no additional information may be demanded: "[the] standard tort claim form… must not require information not specified under this section."

As presented on the ORM website, the tort claim form is part of a packet.  The packet includes several documents, including: instructions for completing the standard form; the standard tort claim form; a medical release; a vehicle collision form; and a mandatory Medicare beneficiary reporting form.   The packet's instructions inform the filer that the medical release is requested for personal injury claims: "[I]f you are filing a personal injury claim, please sign and attach the Medical Release."  Tort Claim Form Packet Dkt. #18.  This medical release includes access to the claimant's medical records, HIV test results, psychiatric, mental and behavioral health records, alcohol and chemical dependency assessments, information related to sexual assault, urgent care and medical financial records.

McLenan-Kenny's lawsuit includes claims for violations of the FMLA, Discrimination, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Negligent Supervision.  McLenan-Kenny also claims that asking her to sign the medical released infringed her right to petition and violated her right to informational privacy.  L&I now seek dismissal of all of McLenan-Kenny's medical release related claims, arguing that they fail to state a claim for which relief can be granted.

### III.   DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.  *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the Court must accept as true the Complaint's well-

pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).  The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

McLenan-Kenny's response asks the Court to evaluate her complaint under *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  This reliance is misplaced, as *Iqbal* and *Twombly* expressly overruled *Conley*'s "short and plain statement of the claim" and "no set of facts" rule. The Court will apply the correct current pleading standard, which demands factual allegations that nudge the complaint over the line from speculative to plausible.

### A.      McKelan-Kenny's First Amendment Claims are not Facially Plausible.

McLenan-Kenny's medical release claim is that the State chills First Amendment petition activity requiring the medical release as part of the tort claim form.  In subsequent briefing, however, both parties agree that the medical release is not a statutorily required part of the tort claim process.  Dkt. # 19 at pp. 2-3; Dkt. #20 at p. 2.  McLenan-Kenny's complaints and briefs primarily refer to the brief as required or 'purportedly required.'[1]  All of the materials presented to the Court agree that the medical release is not required to file suit against the state and is only requested by ORM for instances where personal injuries are being alleged.[2]  McLenan-Kenny has failed to identify any precedent where First Amendment right to petition is infringed by passive conduct such as a requested medical release.  Her complaint also lacks factual content sufficient to allow the Court to draw reasonable inference that the State represents that the medical release is required; further, the Court does not believe that this could be cured by the

---

[1] Referring to the Medical Release as required, *See* Plaintiff's Response to Motion to Dismiss, (Dkt.#19 at p. 3) ("The release is something that the State has internally determined it will require from people seeking to sue the State."; at p. 5 ("The required release has the clear and present potential to chill the free exercise of the right to petition embraced by our Constitution."); at p. 11 ("Requiring a putative plaintiff to authorize the disclosure of private medical information, without regard to any showing of relevance to the claims asserted, as a condition precedent to pursuing a lawsuit improperly chills citizens' right of access to the court."). *See also,* Amended Complaint, (Dkt. # 15) 1.4 "blanket medical release is required"; 2.22 "…Authorization for Release of Protected Health Information that claimants are required to sign"; 2.23 "Doe Defendant #1 is the individual… who either made the decision to require an over broad release for medical information as part of the Tort Claim filing procedures…. or determined to continue having the purported requirement of submitting a blanket and overbroad medical release as part of the claim filing procedure"; 2.25 "The required release…"; 2.26 "That this overbroad and excessive release demanded as part of the claims filing process"; 3.7, 3.8, The overbroad medical release submitted as a condition precedent to pursuing her remedies…" Prayer for Relief 6, "…declaring the requirement upon persons asserting claims for damages to execute a release for their protected health information…"

[2] The parties agree the Court may take notice of the pleadings, statute, tort claim form packet, and associated materials in appraising the Defense's motion without converting this to a motion for summary judgment. When ruling on a Rule 12(b)(6) motion, the court must consider the complaint in its entirety, as well as "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007).  A court may take judicial notice when a fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. of Evid. 201(b)(2).  Both parties agree that the Court may take judicial notice of the tort claim form packet.  (Dkt. #19 at p. 7); (Dkt #20 at p. 3).

pleading of additional facts.  Thus, in the absence of reasonable grounds to find L&I liable, the claim is dismissed.

> **B.    McKlenan-Kenny's Right to Privacy Claims are Deficient as a Matter of Law and Not Facially Plausible.**

McLenan-Kenny uses inconsistent language in respect to her claims, referencing two distinct causes of action: invasion of privacy, and violations of her right to privacy of information.[3]  These two potential causes of action will be addressed independently.

> **1.    There is no cause of action for invasion of privacy.**

To establish an invasion of privacy claim, a plaintiff must prove the following elements: (1) "[A]n intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or his private affairs;" (2) "[W]ith respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy;" (3) "[T]he intrusion would be highly offensive to a reasonable person; and" (4) "[T]hat the defendant's conduct was a proximate cause of damage to the plaintiff."  *Doe v. Gonzaga Univ*, 143 Wn.2d 687, 705-706 (2001*), reversed on other grounds*, 122 S.Ct 2268 (2002), *referencing* Restatement (Second) of Torts § 652B (1977).  McLenan-Kenny has failed to allege any facts supporting the factors required for this cause of action and the claim is properly dismissed.

> **2.    There is no cause of action of right to informational privacy.**

McLenan-Kenny's cause of action for a violation of her right to privacy is flawed similarly to her First Amendment claim.  *Supra* Sec. III.A.  As previously stated, she has not

---

[3] Invasion of privacy, *see* Dkt. # 19 p. 14 ("The Overbroad Release Demanded at The Claim Filing Constitutes an Invasion of Privacy").  Right of privacy, *see* Dkt. # 15 p. 9 ("3.7 The overbroad medical release submitted as a condition precedent to pursuing her remedies against the State of Washington is a violation of Plaintiff's right of privacy"); Dkt # 19 p. 14 (referencing *Planned Parenthood v. Lawall*, 307 F.3d 783, 790 (9th Cir. 2002) "informational privacy").

plead facts that support the medical release reasonably being considered a condition precedent to pursuing remedies against the State of Washington.

There exists a privacy interest in avoiding disclosure of sensitive personal information. *See Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 41 L.Ed.2d 64 (1977); *Planned Parenthood of Southern Arizona v. Lawall*, 307 F.3d 783, 02 Cal. Daily Op. Serv. 10, 280 (2002).  This interest is often referred to as the right to "informational privacy." *Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954, 958 (9th Cir.1999).  The right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public. *See Whalen*, 429 U.S. at 599 n. 24, 97 S.Ct. 869; *Norman–Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d a 1269 (9th Cir.1998).  *Planned Parenthood*, 307 F.3d at 789-90.

The right to privacy of information, however, is not absolute.  Courts must balance the following factors to determine whether the governmental interest in obtaining information outweighs the individual's privacy interest: "the type of [information] requested, ... the potential for harm in any subsequent nonconsensual disclosure, ... the adequacy of safeguards to prevent unauthorized disclosure, the degree of need of access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access."  *In re Crawford*, 194 F.3d at 959. (*quoting United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 578 (3d Cir.1980)). It is the state's burden to demonstrate that "its use of the information would advance a legitimate state interest and that its actions are narrowly tailored to meet the legitimate interest." *Planned Parenthood*, 307 F.3d at 790.

Regardless, McLenan-Kenny has failed to plead facts sufficient to find a cause of action for right to informational privacy.  She did not refuse to provide information, nor is she seeking

assurance that the information she provided will not be made public.  Even if this were her allegation, it would be subject to a balancing test regarding the disclosure.  Instead her allegation appears to be that the request itself violated her rights and that an injunction may be required to prevent ORM from requesting this information from future claimants.  This claim lacks the facial plausibility required and is dismissed.

**C.**      **Amendment of the complaint is moot.**

Granting the L&I's motion to dismiss the medical release claims of McLenan-Kenny's amended complaint renders the remainder of their motion moot.

**IV.**      **CONCLUSION**

The tort claim form packet, accompanying ORM materials, and tort claim statute agree, as the parties do, that the medical release is not required to file suit against the state.  McLenan-Kenny has failed to present facially plausible facts supporting any other conclusion.  Because her claims fail to either support themselves with facially plausible fact or state applicable law, the motion to dismiss [Dkt. #17] is GRANTED.

IT IS SO ORDERED

Dated this 24th day of April, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE